UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIDA BELFORD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2329 |
| | § | |
| ROBERT SCOTT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

## I. Introduction

Pending before the Court is the defendants', Commissioner of Education Robert Scott, Jim Thompson, David Anderson, Chris Jones, Laura Taylor, Nora Rainey, Mary Perry, Ron Rowell, Katherine Jones, Erin Martin, David Loweski, Rita Chase, Nora Hancock, Ernestine Patterson, David Mateysak, Larry Johnson, Al Ching Reed, Lisa Dawn-Fischer, Kim Rife, Cory Green, Rebecca Marsh, Yolanda Cantu, Daryl McKnight, Yvonne Bennett, Mishell Kneeland and Kristofer Monson, in their official capacities, motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket Entry No. 45). The plaintiff, Vida Belford, filed two responses (Docket Entry Nos. 42, 48). After having carefully reviewed the motion, responses, the record and the applicable law, the Court grants the defendants' motion.

## II. Factual Background

The case concerns a dispute over the proper amount of government funding due a charter school. The plaintiff is the Chief Operating Officer, Founder, President and Superintendent of Alphonso Crutch Life Support Center ("ACLSC"), a charter school located in Houston, Texas. In recent years, the parties have disputed the Texas Education Agency's ("TEA") determination of the proper amount of funding due to ACLSC, which is calculated based on student attendance

records.¹ The plaintiff alleges that the defendants are involved in TEA's contested determinations. This ongoing dispute is already the subject of two separate cases currently pending in state court, *Alphonso I* and *Alphonso II*.² The *Alphonso I* case centers on TEA's 2004 audit of ACLSC's attendance records. During the 2004 audit, TEA determined that ACLSC had erroneously been reporting exaggerated student attendance levels. TEA ultimately concluded that such reporting errors resulted in the overpayment of $1,795,230 in school financing funds to ACLSC, so TEA began withholding money from ACLSC to recoup the overallocation amounts.³

In response, ACLSC filed its *Alphonso I* suit against the Commissioner of Education in state court, seeking a declaration that the Commissioner's actions violated the Texas Education Code by not providing a due process hearing prior to the withholding of funds.⁴ ACLSC additionally claimed that TEA's rules, policies and procedures for funding, auditing and investigating Texas charter schools were unconstitutional. The Commissioner filed a plea contesting jurisdiction, and the case is currently pending on appeal.

Subsequently, ACLSC filed its *Alphonso II* suit against the Commissioner in state court, asserting claims pertaining to additional audits completed after 2004. Again, the plaintiff argued that these audits violated state statutes. ACLSC also argued that the Commissioner's withholding of funds violated the Texas Constitution's provisions requiring adequate compensation for a taking of property, due course of law, equal protection, and support and

---

¹ *See* TEX. EDUC. CODE § 42.101.

² *See Scott v. Alphonso Crutch Life Support Ctr.*, No. 03-06-00003-CV, 2009 WL 1896073 (Tex. App. – Austin July 2, 2009, pet. filed) ("*Alphonso I*"); *Scott v. Alphonso Crutch LSC Charter Sch.*, No. 03-09-00423-CV, 2010 WL 3271738 (Tex. App. – Austin Aug. 20, 2010, pet. filed) ("*Alphonso II*"). As records of state court proceedings, this Court takes judicial notice of the defendants' proffered exhibits from those cases. *See United States v. Verlinsky*, 459 F.2d 1085, 1089 (5th Cir. 1972); *Paul v. Dade County, Fla.*, 419 F.2d 10, 12 (5th Cir. 1969) (internal citations omitted).

³ *See* TEX. EDUC. CODE § 42.258(a).

⁴ *See* TEX. EDUC. CODE §§ 39, 42.258.

maintenance of an efficient system of public free schools. Again, the Commissioner contested the jurisdiction, and that case is currently pending on appeal.

In the present case, the plaintiff's claims challenge TEA's audits of and withholding of funds from ACLSC. While the plaintiff's pleadings fail to clearly notate the date of many of the facts alleged, it can reasonably be inferred that her allegations in this case encompass the events that serve as the subject of the *Alphonso I* and *II* state cases.

### III. Contentions of the Parties

#### A. The Plaintiff's Contentions

The plaintiff contends that the TEA has taken inappropriate enforcement actions. She asserts a wide variety of claims, some more clearly explained than others, including claims under 18 U.S.C. §§ 241, 242, 1018, and "295 U.S.C. §§ 78, 88."[5] Under 42 U.S.C. § 1983, she also alleges violations of her due process rights under the United States and Texas Constitutions. In her response, she moves for leave to further amend her pleadings.[6]

#### B. The Defendants' Contentions

The defendants contend that the plaintiff lacks standing to assert her claims. They also assert that the Court lacks subject matter jurisdiction over this dispute because the plaintiff's claims are barred by sovereign immunity and the *Younger* abstention doctrine.[7] Alternatively, they maintain that the plaintiff has failed to state a claim upon which relief can be granted.

---

[5] The statutes in quotations refer to nonexistent statutes. However, based on the accompanying language in the plaintiff's allegations, it appears that she is attempting to assert a claim of prosecutorial misconduct.

[6] The Court denies the plaintiff's motion to amend, and does not anticipate further filings in this case. Thus far, the Court has granted the plaintiff leniency regarding the page limits of her submissions. In the unlikely event that further filings are made, the Court will strike any documents that violate the page limits imposed by the local rules.

[7] *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

### IV. Standards of Review

#### A. Rule 12(b)(1)

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.") Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.") In making its ruling, the Court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts

evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

    **B.**    **Rule 12(b)(6)**

A defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'-- 'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly* at 563 n.8 (citing *Scheuer* 416 U.S. at 236); *see also Greninger*, 188 F.3d at 324.

## V. Analysis and Discussion

The Court grants the defendants' motion to dismiss pursuant to Rule 12(b)(1). The plaintiff is unable to establish jurisdiction concerning her claims for monetary, declaratory or injunctive relief. However, even assuming that the Court had subject matter jurisdiction over this dispute, it would grant the defendants' motion pursuant to Rule 12(b)(6).

### A. Rule 12(b)(1)

#### 1. Damages

The Court grants the defendants' 12(b)(1) motion to dismiss concerning the plaintiff's claims for damages because such claims are barred by the defendants' sovereign immunity. The Eleventh Amendment generally bars suits against state officials acting in their official capacities, and such immunity is only overridden by a clear showing of congressional intent to abrogate such protection. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted). True, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . .

to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

However, a state official acting in his official capacity is not considered a "person" for purposes of claims for damages asserted under Section 1983. *Will*, 491 U.S. at 71. Thus, the Eleventh Amendment bar remains in effect, and claims for money damages asserted under Section 1983 may not be brought against a state official acting in his official capacity. *Id.*; *Lapides v. Bd. of Regents of Univ. of Ga.*, 535 U.S. 613, 617 (2002); *Jolly v. Klein*, 923 F. Supp. 931, 946-47 (S.D. Tex. 1996). Accordingly, the Court holds that the plaintiff's claims for monetary damages are barred by the defendants' sovereign immunity and dismisses them pursuant to Rule 12(b)(1).

### 2. Declaratory and Injunctive Relief

The Court grants the defendants' motion regarding the plaintiff's claims for prospective declaratory and injunctive relief. Granted, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under Section 1983 because official capacity actions for prospective relief are not treated as actions against the state." *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Thus, any actions taken by an official beyond the statutory limitations placed on his power are considered outside the protections of sovereign immunity and may be made the object of specific relief. *Danos v. Jones*, 652 F.3d 577, 583 (5th Cir. 2011) (internal citation omitted).

However, to invoke this exception, a plaintiff must "do more than simply allege that the actions of the officer are illegal or unauthorized." *Ala. Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1226 (5th Cir. 1976). Rather "[t]he complaint must allege facts sufficient to establish that the officer was acting 'without any authority whatever' or without 'any colorable basis for the

exercise of authority.'"  *Danos*, 652 F.3d at 583 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984)).

The plaintiff alleges that the defendants acted *ultra vires* in withholding ACLSC's funds because the defendants acted beyond the authority granted to them under Texas Education Code § 42.258. That provision delineates the procedure TEA must follow in recovering overallocated funds:

> If a school district has received an overallocation of state funds, [TEA] shall, by withholding from subsequent allocations of state funds for the current or subsequent school year or by requesting and obtaining a refund, recover from the district an amount equal to the overallocation.

TEX. EDUC. CODE § 42.258(a). That provision does not require a hearing or other procedure prior to the recoupment of such funds. Thus, upon determining that such an overallocation occurred, TEA and its officers acting in their official capacities were obligated to withhold any amounts overpaid.

Therefore, the Court determines that the plaintiff's allegations fail to show how any defendant acted beyond their statutorily granted authority in recouping the alleged overallocation amounts. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2011) (burden of proof lies with the party asserting jurisdiction). Accordingly, none of the defendants' actions fall under the *ultra vires* exception, and the plaintiff's claims for declaratory and injunctive relief are also barred by sovereign immunity. *See Danos*, 652 F.3d at 583.

Moreover, the plaintiff's claims for declaratory and injunctive relief are barred by the *Younger* abstention doctrine, which requires a federal court to abstain from exercising jurisdiction when it would interfere with pending state proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971); *see also La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d

1483, 1489 (5th Cir. 1995) (internal citation omitted).[8]  In determining whether such abstention is warranted, the Court considers whether the state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise constitutional challenges. *La. Debating & Literary Ass'n*, 42 F.3d at 1490 (citing *County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

First, the claims asserted in the present case are the subject of two separate cases currently pending with the Texas Supreme Court.  Although the school rather than the plaintiff is a party in those state court cases, the present plaintiff is the primary movant in all three cases, and the present claims are inextricably intertwined with the state court claims.  Second, "[m]aintaining the fiscal integrity of the public schools is an important and legitimate state interest."  *In re Alien Children Educ. Litig.*, 501 F. Supp. 544, 582 (S.D. Tex. 1980) (citing *Shapiro v. Thompson*, 394 U.S. 618, 633 (1969)).  Third, multiple constitutional challenges have been raised in both *Alphonso I* and *II*.  Therefore, the Court determines that the *Younger* abstention warrants the Court's abstention in the instant case, and it dismisses the plaintiff's claims for prospective relief under 12(b)(1).

### B.    Rule 12(b)(6)

Even if the Court had jurisdiction over this dispute, which it does not, the plaintiff cannot survive the defendants' 12(b)(6) motion.  As explained below, she has failed to state a claim regarding her allegations of criminal conduct, prosecutorial misconduct, selective enforcement and due process violations.  First, she attempts to assert claims under 18 U.S.C. §§ 241, 242, 1018, which are criminal statutes.  However, she has no right to bring a private cause of action

---

[8] Requests for monetary damages do not fall within the purview of the *Younger* doctrine. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

under federal criminal statutes. *See Pierre v. Guidry*, 75 F. Appx. 300 (5th Cir. 2003) (internal citation omitted).[9] Consequently, the plaintiff has failed to state a claim respecting those claims.

Second, the plaintiff cannot state claims under "295 U.S.C. §§ 78, 88," because those statutes do not exist. However, in the same section of her pleadings, the plaintiff references the standard for prosecutorial misconduct applicable to a United States Attorney as articulated in *Berger v. United States*, 295 U.S. 78, 88 (1935). The U.S. Attorney is not a party to the instant action. In effect, the plaintiff is asserting claims based on concepts with no application to the instant proceeding, and the Court thus would dismiss those claims pursuant to Rule 12(b)(6) for this additional reason.

Third, to the extent that the plaintiff is attempting to advance a claim of "selective enforcement," such claim fails. A plaintiff may only successfully bring a selective enforcement claim when she can "prove that the government official's acts were motivated by improper considerations." *Beeler v. Rounsavall*, 328 F.3d 813, 817 (5th Cir. 2003) (internal citation omitted). "The conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Beeler*, 328 F.3d at 817 (internal quotation omitted). Rather, "[i]t must be shown that the selective enforcement was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (internal quotation omitted).

The plaintiff has insufficiently pled that the defendants' enforcement of the Texas Education Code's school financing provisions was motivated by any improper purpose or motive. Neither has she sufficiently alleged that the defendants' enforcement of such provisions differed from its treatment of other similarly situated charter schools. Nor has the plaintiff

---

[9] Moreover, a private citizen cannot enforce criminal statutes in a civil action. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) (internal citations omitted); *Huerta v. Garcia*, No. B-07-39, 2007 WL 3120128, *3-4 (S.D. Tex. Oct. 23, 2007) (internal citations omitted); *Ali v. Hoke*, No. 9:06cv230, 2007 WL 1655915, *7 (E.D. Tex. June 5, 2007).

alleged sufficient facts regarding the actions of each defendant. Despite asserting claims against twenty-six individuals in their official capacities, the plaintiff's complaint fails to allege sufficient facts giving rise to a claim against each separate defendant.

The bulk of the plaintiff's allegations summarily refer to the actions of TEA or the state, failing to specify which defendants acted in what way regarding each claim. In fact, most of the defendants are not mentioned by name in the complaint besides in the introductory matter. For those defendants who are specifically mentioned, the plaintiff's pleadings provide only conclusory statements and/or irrelevant factual allegations in support of her claims. The plaintiff has failed to plead sufficient facts to raise her right to relief against each defendant above the speculative level. *See Iqbal*, 129 S. Ct. at 1949. Thus, the plaintiff has failed to plead a claim of selective enforcement upon which relief may be granted, and if the Court had jurisdiction, it would dismiss that claim under Rule 12(b)(6). *See Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir. 2000) (internal citation omitted).

Lastly, the Court determines that it, if it had jurisdiction, it would grant the defendants' 12(b)(6) motion regarding her due process claims.[10] "Due process has two major meanings: first, substantive due process may require courts to void certain types of government action that infringe on individual rights and individual freedom of action; second, procedural due process may require government to assure that individuals are afforded certain procedures before they are deprived of life, liberty, or property." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1528 (5th Cir. 1993) (internal citation omitted). To assert a violation of either procedural or substantive due process, one must assert a deprivation of a protected property interest established through an

---

[10] It is somewhat unclear whether the plaintiff asserts these claims under the United States Constitution's due process guarantees, the Texas Constitution's due course guarantees, or both. However, both provisions are interpreted in a similar fashion. *Tex. Workers Compensation Comm. v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658 (Tex. 2004) (internal citation omitted). As such, the Court's analysis applies to any potential due process claim asserted.

independent source such as state law. *Hidden Oaks, Ltd. v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir. 1998) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). In this context, a property interest must be more than "an abstract need or desire, or a unilateral expectation, but instead is a legitimate claim of entitlement." *Perry v. Port of Houston Auth.*, 118 F. Supp. 2d 770, 772 (S.D, Tex. 2000) (internal quotations omitted).

The plaintiff alleges that her due process rights were violated when ACLSC was denied funding to which it was allegedly entitled under the school finance provisions of the Texas Education Code. Yet the school finance provisions of the Texas Education Code pertain to the funding of *schools*; they do not create any sort of entitlement or property interest on the part of a school administrator. *See* Tex. Educ. Code § 42.001, *et seq.* As such, the plaintiff has failed to show that she has been deprived of any protected property interest of her own. Accordingly, the plaintiff has failed to state a due process claim upon which relief may be granted. *See Hidden Oak Ltd.*, 138 F.3d at1046.

## VI. Conclusion

Based on the foregoing discussion, the Court GRANTS the defendants' motion.

It is so **ORDERED**.

SIGNED at Houston, Texas this 27th day of July, 2012.

_____
Kenneth M. Hoyt
United States District Judge